**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| W. ERIC HULSTEDT, permanent guardian and permanent conservator of DAVID HULSTEDT, and adult, as guardian ad litem for D.H., a minor; WALTER HULSTEDT and JANICE HULSTEDT,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SCOTTSDALE, ARIZONA; RICAHRD SLAVIN; DEVEN FELLOWS; MARCOS GARCIA; FRANK O'HALLORAN; HUGH LOCKERBY; MARK CLARK; DANIEL GREENE; BROOKE SCRITCHFIELD; MICHAEL HERTKO; MATTHEW MILLER; SCOTT SMITH; MARK TOSCHIK; WENDY FIELD; LARRY MARMIE, JR.; EUGENE McCLANAHAN; BRIAN HARTMAN; BRIAN RAUCH; CHRISTINA TROTT; and DOES 1-10,<br><br>    Defendants. | No. CV-09-1258-PHX-MHM<br><br>**ORDER** |

Currently before this Court are Defendants' Motion to Dismiss Eric Hulstedt in His Capacity as Purported Guardian Ad Litem for "DH," (Doc. 111), and Rule 60 Motion for Relief from the Court's Order Appointing Eric Hulstedt as Guardian Ad Litem for DH. (Doc. 123). Having carefully considered the Parties' pleadings and determined that oral

1  argument is unnecessary, the Court issues the following Order.

2  **I.     BACKGROUND**

3 Plaintiffs filed this lawsuit on June 11, 2009, alleging numerous claims for civil rights
4 violations under 42 U.S.C. §1983 (Doc. 1). Plaintiffs filed their First Amended Complaint
5 on October 7, 2009, adding state law causes of action against certain Defendants for
6 negligence, defamation, intentional infliction of emotional distress, negligent intentional
7 infliction of emotional distress, and loss of consortium. (Doc. 28). On June 23, 2010,
8 Defendants filed the instant Amended Motion for Judgment on the Pleadings, (Doc. 69).
9 Plaintiffs responded on July 6, 2010, (Doc. 76), and the motion became fully briefed on July
10 16, 2010. (Doc. 83). On October 12, 2010, Defendants filed their Motion to Dismiss Eric
11 Hulstedt in His Capacity as Purported Guardian Ad Litem for "DH." (Doc. 111). Plaintiffs
12 filed a response on October 25, 2010, (Doc. 115), and Defendants replied on November 4,
13 2010. (Doc. 119). Also on October 25, 2010, Plaintiffs filed their Petition of W. Eric
14 Hulstedt for Appointment as Guardian Ad Litem of D.H., a Minor, to Prosecute Action.
15 (Doc. 116). Because Defendants did not respond to Plaintiffs' petition, the Court granted
16 Plaintiffs request to be appointed as *guardian ad litem* of D.H. on November 10, 2010. (Doc.
17 121). That same day, Defendants filed their Rule 60 Motion for Relief from the Court's
18 Order Appointing Eric Hulstedt as Guardian Ad Litem for DH. (Doc. 123). Plaintiffs
19 responded on November 19, 2010, (Doc. 127), and Plaintiffs replied on November 29, 2010.
20 (Doc. 129). On January 5, 2011, the Court had a hearing concerning a discovery dispute
21 between the Parties. (Doc. 140). During the hearing the Court also discussed the instant
22 motions with the Parties.

23 **II.    DISCUSSION**

24 As Defendants correctly surmised in their Rule 60 motion, when the Court granted
25 Eric Hulstedt's request to be appointed *guardian ad litem* it had not yet read and was
26 unaware of the substance of Defendants' motion to dismiss. Had the Court been aware of
27 the relief sough therein, it would not have summarily granted Plaintiffs' motion.
28 Accordingly, the Court's decision to grant Plaintiffs' motion was a mistake arising from

1  oversight and is remediable pursuant to Federal Rule of Civil Procedure 60(a).[1]
2  FED.R.CIV.P. 60(a) ("The court may correct a clerical mistake or a mistake arising from
3  oversight or omission whenever one is found in a judgment, order, or other part of the
4  record."). Therefore, pursuant Rule 60(a), the Court vacates its Order appointing Eric
5  Hulstedt Guardian Ad Litem of D.H, (Doc. 121), and instead will consider the issue as to
6  who should be appointed as *guardian ad litem* of D.H. afresh and in light of the arguments
7  set forth by the Parties in their pleadings concerning Defendants' motion to dismiss.

8  In their Motion to Dismiss, Defendants request this Court dismiss Eric Hulstedt from
9  this lawsuit insofar as he purports to be *guardian ad litem* of David Hulstedt's daughter,
10 D.H.. Conversely, in their response to the motion, Plaintiffs' request this Court issue an
11 order appointing Eric Hulstedt as *guardian ad litem* for D.H.. Pursuant to Rule 17(c) of the
12 Federal Rules of Civil Procedure only the following representatives may sue on behalf of a
13 minor: a general guardian, a committee, a conservator, or a like fiduciary. FED.R.CIV.P.
14 17(c)(1). A minor who does not have one the aforementioned representatives "may sue by
15 a next friend or by a *guardian ad litem*," and the trial court "must appoint a *guardian ad litem*
16 — or issue another appropriate order — to protect a minor or incompetent person who is
17 unrepresented in an action." FED.R.CIV.P. 17(c)(2). Rule 17(c) "requires a court to take
18 whatever measures it deems proper to protect an incompetent person during litigation"
19 United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of
20 Wash., 795 F.2d 796, 805 (9th Cir. 1986).

21 There is no question that D.H., who is a minor child, is an incapacitated minor. The
22 first question this Court must consider, then, is whether D.H. has a duly appointed
23 representative pursuant to Rule 17(c)(1). Neither side argues that D.H. is represented by a

---

[1] In the future, both Parties should respond to any motion filed by an opposing party, even if it is just to inform the Court that they oppose the motion for reasons stated in previous filings. Had Defendants taken this simple step, instead of assuming the Court was as familiar with the case were they, the Court's original Order would not have issued and considerable time and resources could have been saved by both this Court and the Parties.

1   committee, a conservator, or a like fiduciary.  Defendants allege, however, that Rachael
2   Hulstedt is D.H.'s general (and natural) guardian and, therefore, is the only party capable of
3   representing D.H.'s interests in this lawsuit.  Plaintiffs, on the other hand, point out that
4   Rachael maintains joint custody of D.H. with David Hulstedt, and that Eric Hulstedt, as
5   David's guardian and conservator, is empowered to make decisions on behalf of David,
6   including whether or not to bring a lawsuit on behalf of David's daughter. Despite their
7   positions, neither side of this dispute has submitted evidence which demonstrates they are,
8   in fact, D.H.'s general guardian, a term of art which connotates a person's right to represent
9   a child's financial interests, and appears to be distinct from a natural guardianship.  See In
10  re Thelen's Estate, 9 Ariz. App. 157, 161, 450 P.2d 123, 127 (1969) ("While a parent is the
11  natural guardian of a minor, he is only entitled to be appointed guardian of the minor's estate
12  if the parent is found capable of handling the responsibilities involved.").   Assuming,
13  however, that natural guardianship equates with general guardianship, the facts remain that
14  David and Rachael maintain joint custody over D.H. and clearly differ with respect to
15  whether she should be a party to this lawsuit.  Accordingly, the Court will not dismiss D.H.
16  from the suit merely because her mother does not want her to be a party to it.

17         Having so determined, the question than becomes who should be appointed as D.H.'s
18  *guardian ad litem*.   Plaintiffs argue that Eric Hulstedt, who is D.H's uncle and the
19  conservator of D.H.'s father, David Hulstedt, is the best choice for *guardian ad litem*..  In
20  support of this position, Plaintiffs point to an Order entered in Maricopa Country Superior
21  Court that authorized Eric Hulstedt, as Guardian of David Hulstedt, to hire an attorney on
22  behalf of David Hulstedt to investigate and pursue any claims D.H. might have stemming
23  from the events of November 7, 2008.  Defendants counter that the state court order is
24  deficient because Plaintiffs did not properly serve D.H. in that matter. (Doc. 111, p. 6 (citing
25  Ronan v. First Nat'l Bank of Ariz., 90 Ariz. 341, 348, 367 P.2d 950, 955 (1962) ("[W]e hold
26  that our Rule 4 requires personal service upon minors before the court has the power to
27  appoint a *guardian ad litem*."))).  This Court, however, need not wade into the propriety of
28  the state court's actions, as federal, not state law, governs the appointment of *guardian ad*

- 4 -

1  *litem* in federal court. Estate of Escobedo v. City of Redwood City, 2006 WL 571354, *7
2  (N.D. Cal. March 2, 2006) (citing Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 134-35 (3rd
3  Cir.2002)) ("The actual appointment process of guardians ad litem remains procedural, and
4  therefore, state rules do not apply to cases brought in federal courts.").  Accordingly, this
5  Court will not be constrained by the state court's Order, but instead will make its own
6  determination concerning who should be appointed as D.H.'s *guardian ad litem* for this case,
7  focusing, as it must, on the best interests of D.H.  Richards v. Duke University, 166 Fed.
8  Appx. 595, 599 (3d Cir.2006) (noting that the role of the *guardian ad litem* in a federal
9  lawsuit "is to protect the interests of the incompetent person.").

10  Having carefully reviewed the papers and listened to the Parties during oral argument,
11 the Court finds that neither Eric Hulstedt nor Rachael Hulstedt should be appointed as
12 *guardian ad litem* of D.H..  Both Eric and Rachael appear to have interests which may
13 prevent them from making an impartial decision concerning D.H.'s best interests with respect
14 to this suit. Turning first to Eric Hulstedt, it appears from the face of the Complaint that but
15 for David Hulstedt's actions, D.H would not have been injured.  Consequently, the Court
16 agrees with Defendants that D.H. may well have grounds for a suit against David Hulstedt
17 and, as a result, her interests may diverge from David's.  As David Hulstedt's conservator
18 and guardian, Eric Hulstedt is obligated to  represent David's best interests.  Given that the
19 interests of David and D.H. may be different, bestowing upon Eric a contemporaneous
20 obligation to look out for the best interest of D.H. is untenable and inherently ripe for bias.
21 With respect to Rachael Hulstedt, the Court disagrees with Plaintiffs that the mere fact
22 Rachael does not wish D.H. to participate in this lawsuit does not, on its own, disqualify
23 Rachael from adequately looking out for the best interest of D.H. As the Court has explained
24 above, it is unclear that it is in D.H.'s best interest to be a party to this action.  However,
25 given the antipathy between Rachael and David—she filed for divorce seven days after the
26 shooting—the Court finds that Rachael may not be in the best position to appraise the
27 benefits of allowing her daughter's continued participation in this matter.  After all, this is
28 a lawsuit which attempts to cast blame for D.H.'s injuries on the SPD, the very people Rachel

1  may well credit with having saved her daughter's life.

2  Accordingly, because D.H.'s parents, who have joint custody over her, cannot agree
3  on whether D.H. should be a party to this suit, and because both Eric Hulstedt and Rachel
4  Hulstedt may have difficulty objectively considering the best interests of D.H. with respect
5  to this matter, the Court finds that a person not affiliated with either party should be
6  appointed as D.H.'s *guardian ad litem* for the purpose of representing her interests in this
7  lawsuit. Whomever is appointed as *guardian ad litem* will be tasked with first determining
8  whether D.H.'s best interests are served by remaining in this suit and, if the answer to that
9  question is yes, representing her best interests throughout the pendency of this matter. To
10 facilitate the appointment of a *guardian ad litem* for D.H., and pursuant to the Parties'
11 request, the Court will delegate the task of selecting and appointing a *guardian ad litem* to
12 a federal magistrate judge pursuant to Fed.R.Civ.P. 72, LRCiv. 72.1, and 28 U.S.C.§ 636(b).

13 **Accordingly,**

14 **IT IS HEREBY ORDERED** granting Defendants' Rule 60 Motion for Relief from
15 the Court's Order Appointing Eric Hulstedt as Guardian Ad Litem for DH.  (Doc. 123).

16 **IT IS FURTHER ORDERED** vacating the Court's November 10, 2010 Order
17 appointing Plaintiff Eric Hulstedt as *guardian ad litem* of D.H..

18 **IT IS FURTHER ORDERED** granting in part and denying in part Defendants'
19 Motion to Dismiss Eric Hulstedt in His Capacity as Purported Guardian Ad Litem for "DH."
20 (Doc. 111).

21 / / /

1   **IT IS FURTHER ORDERED** that an independent person should be appointed as
2   *guardian ad litem* for D.H. for this case.  **IT IS FURTHER ORDERED** directing that the
3   matter of selecting and appointing the *guardian ad litem* is delegated to a federal magistrate
4   judge pursuant to Fed.R.Civ.P. 72, LRCiv. 72.1, and 28 U.S.C.§ 636(b).

5   DATED this 1st day of March, 2011.

_____
Mary H. Murguia
United States District Judge