**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| W. Eric Hulstedt, permanent guardian and permanent conservator of David Hulstedt, an adult; Richard M. Gerry, as guardian ad litem for D.H., a minor; Walter Hulstedt and Janice Hulstedt,<br><br>            Plaintiffs,<br><br>vs.<br><br>City of Scottsdale, Arizona; Richard Slavin; James Dorer; Deven Fellows; Marcos Garcia; Frank O'Halloran; Hugh Lockerby; Mark Clark; Daniel Greene; Brooke Scritchfield; Michael Hertko; Matthew Miller; Scott Smith; Mark Toschik; Wendy Field; Larry Marmie, Jr.; Eugene McClanahan; Brian Hartman; Brian Rauch; Christina Trott,<br><br>            Defendants. | No. CV-09-1258-PHX-GMS<br><br>**ORDER** |

On March 1, 2011, the formerly assigned District Judge, the Honorable Mary H. Murguia, vacated her November 10, 2010 order appointing Plaintiff Eric Hulstedt as *guardian ad litem* for D.H., a minor,[1] and ordered that "an independent person" be appointed

---

[1] D.H.'s current counsel violated Rule 5.2(a)(3), Fed.R.Civ.P., when they initially filed this lawsuit and the Amended Complaint by using D.H.'s full name instead of her initials only. (Docs. 1, 28) It would be unduly burdensome for the Clerk of Court at this time to redact D.H.'s full name in every document in this voluminous record or counsel to re-file

1  as *guardian ad litem* for her in this case. (Doc. 178 at 6-7) Judge Murguia also referred the
2  selection and appointment of a *guardian ad litem* to a United States magistrate judge
3  pursuant to Fed.R.Civ.P. 72, LRCiv 72.1, and 28 U.S.C. § 636(b). (*Id.* at 7) The undersigned
4  Magistrate Judge received the referral because he is the randomly assigned Magistrate Judge
5  in this case. On March 15, 2011 by random lot, the Honorable G. Murray Snow, United
6  States District Judge, was reassigned this case due to Judge Murguia's recent elevation to
7  the Ninth Circuit Court of Appeals. (Doc. 182)

8  After reviewing the file and considering the child's conflicted family interests
9  and opinions regarding D.H.'s participation in this lawsuit, the Court finds that no immediate
10  family member on either D.H.'s mother's or father's side could reliably and independently
11  represent D.H.'s best interests in this lawsuit. *Stewart v. Superior Court*, 163 Ariz. 227, 230,
12  787 P.2d 126, 129 (Az.Ct.App. 1989) (parental conflicts of interest may warrant temporary
13  appointment of *guardian ad litem* pursuant to a court's "non-exclusive codifications of an
14  equitable power and responsibility dating back to chancery days."). The Court concludes that
15  good cause exists to appoint a *guardian ad litem* that does not have "a significant
16  relationship with" D.H. to ensure the objective representation of the child's best interests
17  herein. *Gonzalez v. Ariz. Dep't of Health Servs.*, 2009 WL 383535, * 1 (D.Ariz., Feb.13,
18  2009).

19  In the exercise of its discretion, the Court appoints Richard M. Gerry, Esq.,
20  with the law firm of Aiken, Schenk, Hawkins & Ricciardi, P.C., 4742 N 24th Street, Suite
21  100, Phoenix, AZ 85016-4859, phone number (602) 248-8203, as *guardian ad litem* for
22  D.H. in this case. Mr. Gerry is a seasoned, successful Phoenix personal injury trial attorney
23  who has been, and currently is, a member in good standing with the State Bar of Arizona

24  _____

25  documents which used D.H's full name. The Court will enter an order, however, that all
26  counsel, parties, and D.H.'s *guardian ad litem* will hereinafter use the child's initials, rather than the child's full name, in all filings unless the document is filed under seal in compliance
27  with LRCiv 5.6. The Court will also order the Clerk of Court to redact the child's full name in the Complaint, Amended Complaint, and list of parties in the docket to mitigate the
28  violations of Rule 5.2(a)(3), Fed.R.Civ.P.

- 2 -

1  since 1978. The duration of Mr. Gerry's appointment is temporary until the conclusion of
2  D.H.'s interests in this lawsuit, Mr. Gerry's voluntary renunciation as D.H.'s *guardian ad*
3  *litem*, or further order of the Court upon a showing of good cause.

4  Although he is not D.H.'s attorney of record in this lawsuit, absent further
5  court order, Mr. Gerry, as an officer of the District Court, shall enjoy all powers, privileges
6  and immunities to determine, direct, and act upon D.H.'s bests interests as they may relate,
7  directly or indirectly, to this litigation except as expressly stated herein. *Widoff v. Wiens*, 202
8  Ariz. 383, 45 P.3d 1232 (Az.Ct.App. 2002) (guardian *ad litem* is protected from suit by
9  judicial immunity); *Krause v. Krause*, 138 Fed.Appx. 911 (9th Cir. 2005) (following
10 California law); *Kulya v. City and County of San Francisco*, 2007 WL 760776, * 2
11 (N.D.Cal., Mar. 9, 2007); *Ward v. San Diego County Dep't of Social Servs.*, 691 F.Supp. 238
12 (S.D.Cal. 1988). Mr. Gerry's powers and authority shall include, but are not limited to,
13 whether to discharge or retain D.H.'s current counsel of record; to employ different, conflict-
14 free counsel to represent D.H. on a contingency fee and advancement-of-costs basis only;
15 to determine whether claims or causes of action, which have not been alleged, should be
16 alleged on D.H.'s behalf against any current party or non-party; and to decide if it is in
17 D.H.'s best interests to remain a party in this lawsuit or move for her voluntary dismissal
18 from this action.

19 No claim brought on behalf of D.H., however, may be settled or compromised,
20 or a voluntary dismissal of D.H. from this lawsuit may be sought, absent an order of the
21 Court after a finding that such request is in D.H.'s best interests. Application by D.H.'s
22 counsel for court approval of settlement or dismissal must be by formal motion filed in this
23 District Court under this case number. Secondly, if money, or a combination of money and
24 structured settlement, is recovered on behalf of D.H. in this lawsuit by judgment or
25 settlement after court approval, such money, after deduction of D.H.'s reasonable attorneys'
26 fees and costs, shall be deposited in a secure, interest-bearing bank account or other
27 appropriate federally-insured account, and shall not be disbursed to D.H. until after her 18th
28 birthday by court order or upon further order of the Court. *See, e.g.*, *Dacanay v. Mendoza*,

- 3 -

573 F.2d 1075, 1079 (9th Cir. 1978) (trial court must approve minor's settlement agreement negotiated by, or with the approval of, the *guardian ad litem*); *Parrish v. Alameda County*, 2007 WL 2904253 (N.D.Cal., Oct. 3, 2007) (detailed order approving minors' settlements).

Mr. Gerry's fees for his representation of D.H. as her *guardian ad litem* shall be at the reasonable, modest, and agreed-upon rate of $150.00 per hour. The *guardian ad litem*'s reasonable fees, costs and expenses advanced, if any, are deemed court costs to be paid by the non-prevailing party in this lawsuit. Title 28 U.S.C. § 1920(6) ("Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."); Fed.R.Civ.P. 54(d); *Adamson v. Hayes*, 2010 WL 5069885, * 5 n. 4 (D.Ariz., Dec. 7, 2010) (citing, among others, *United States v. Ruger, Model 223 Mini Rifle, Serial No. 18492495*, 2009 WL 2591145, * 3 (W.D.N.C., Aug. 19, 2009) ("As an officer of the court, the expenses of a guardian ad litem are properly taxable as costs pursuant to Fed.R.Civ.P. 54(d).")); *A.D. v. California Highway Patrol*, 2009 WL 3817478, * 6 (N.D.Cal., Nov. 10, 2009). In the event of a settlement of all parties' claims in this lawsuit and pursuant to its inherent authority, this lawsuit may not be dismissed unless and until the *guardian ad litem*'s fees, costs and expenses advanced, if any, are paid in full by either agreement of the parties or upon apportionment by the Court after reasonable notice and an opportunity to be heard considering the nature and amount of the settlement, the parties' means, and the extent to which any party is more responsible than other parties for escalating the *guardian ad litem*'s fees, costs and expenses advanced, if any.

Counsel shall use the above caption on all future filings until further order of the Court.[2]  D.H.'s mother; grandparents, Walter Hulstedt and Janice Hulstedt; father's

---

[2] The fictitious Does 1-10 defendants were removed from the caption because the Federal Rules of Civil Procedure do not provide for the use of fictitious parties. *Wenzel v. Arpaio*, 2009 WL 4154926, * 3 (D. Ariz. 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action."); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted)

guardian, W. Eric Hulstedt; their counsel; and present counsel, Alan M. Simpson, E. Thomas Barham, Jr., and Sean R. Forrester shall cooperate with Mr. Gerry in his capacity as D.H.'s *guardian ad litem* if ethical and appropriate to do so.

The Clerk of Court is kindly directed to provide Mr. Gerry with a copy of this order and add him as D.H.'s *guardian ad litem* as if he were, which he is not, D.H.'s counsel of record in this case.

All counsel, parties, and D.H.'s *guardian ad litem* will hereinafter use the child's initials, rather than the child's full name, in all filings unless the document is filed under seal in compliance with LRCiv 5.6. The Court also directs the Clerk of Court to redact the child's full name in the Complaint, Amended Complaint, and list of parties in the docket to mitigate counsels' violations of Rule 5.2(a)(3), Fed.R.Civ.P.

Dated this 28th day of March, 2011.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge

---

("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction."); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (*per curiam*) (case "was also properly dismissed as to the fictitious defendants[,]" citing *Molnar v. National Broadcasting Company*, 231 F.2d 684, 687 (9th Cir. 1956)).