**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| W. Eric Hulstedt, et. al. | No. CV-09-1258-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Scottsdale, et. al. | |
| Defendants. | |

Pending before this Court are: (1) Defendants' Motion to Exclude and/or Strike the Opinions, Reports and Testimony of Mike Torres (Doc. 242); (2) Plaintiffs' Motion To File Pleading Under Seal (Doc. 258); and (3) Defendants' Motion To Exclude Certain Evidence Relating to Defendant James Dorer (Doc. 287). For the reasons set forth below, the first two motions are granted. The third motion is denied without prejudice.

At the deposition of Mike Torres, he acknowledged that he had agreed with Plaintiffs to provide expert testimony in this case on a contingent fee basis. Arizona law is clear that such contracts are illegal and contrary to public policy. "We are of the opinion, and so hold, that a contract providing for compensation of a witness contingent on the success of the litigation is subversive of public justice for the reason that his evidence may be improperly influenced. Public policy considerations brand such a contract illegal." *Westin Tucson Hotel Co. v. State,* 188 Ariz. 360, 367, 936 P.2d 183, 190 (Ariz. App. 1997), quoting *Laos v. Soble,* 18 Ariz. App. 502, 503, 503 P.2d 978, 979 (1972). Because such contracts are illegal in

1   Arizona it is apparently an ethical violation for an attorney to seek to enter such a contract
2   with an expert witness who is appearing in a state court.  "A lawyer shall not . . . offer an
3   inducement to a witness that is prohibited by law."  Rules of Ariz. Sup. Ct., Rule 42, ER 3.4
4   (b), *see also*, cmt. 3 ("[T]he common law rule in most jurisdictions is that . . . it is improper
5   to pay an expert witness a contingent fee.").

6   The parties provide no case from the Ninth Circuit, or the District of Arizona that
7   decides the question whether an expert, retained on a contingency basis, is permitted to
8   testify in federal court.  Still, the majority rule in most jurisdictions prohibits such testimony.
9   *See, e.g., Straughter v. Raymond,* 2011 WL 1789987 at *2-3 (C.D.Cal, May 9, 2011).
10  Further, Plaintiffs' claims against Defendants in this case are based on both federal and state
11  law, s*ee,* Plaintiffs' First Amended Complaint (Doc. 28).  To the extent that Plaintiffs' claims
12  against Defendants are based on state law "state law governs the witness's competency
13  regarding a claim or defense for which state law supplies the rule of decision."  Federal Rules
14  of Evidence Rule 601.  Therefore, Torres will not be allowed to testify as to any of Plaintiffs'
15  claims based on Arizona state law.  Plaintiffs have not suggested that Torres's testimony is
16  offered uniquely for purposes of making their federal claims, or that, even if it were, such a
17  bifurcation of a witness's testimony among claims could be practically implemented with a
18  jury.  In the circumstances of this case, where at any rate, Torres's testimony would be
19  prohibited on any state law claims, the Court determines that his testimony is also prohibited
20  on the claims under federal law.

21  As it pertains to Defendants' Motion To Exclude Certain Evidence Relating to
22  Defendant James Dorer, the motion is a premature motion in limine which exceeds the
23  permissible page limit.  The motion will be denied without prejudice to its renewal at the
24  appropriate time.

25  **IT IS THEREFORE ORDERED:**

26  1.   Granting Defendants' Motion To Exclude and/or Strike the Opinions, Reports
27  and Testimony of Mike Torres ( Doc. 242).

28  2.   Granting Plaintiffs' Motion to File Pleading Under Seal (Doc. 258) and

1  directing the Clerk of the Court to file the lodged Opposition and Exhibits (Docs. 259-264)
2  under seal.

3       3.     Denying Defendants' Motion to Exclude Certain Evidence Relating to
4  Defendant James Dorer (Doc. 287) without prejudice to its renewal.

5       DATED this 20th day of January, 2012.

*G. Murray Snow*
G. Murray Snow
United States District Judge