**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| W. Eric Hulstedt, permanent guardian and permanent conservator of David Hulstedt, an adult, et al., <br><br> Plaintiff, <br><br> vs. <br><br> City of Scottsdale, et al., <br><br> Defendant. | No. CV-09-1258-PHX-GMS <br><br> **ORDER** |

Pending before the Court are Plaintiffs' Motion for Partial Summary Judgment (Doc. 265), Defendants' Motion for Partial Summary Judgment (Doc. 271), and Plaintiffs' Motion for Certification of Issue for Interlocutory Appeal (Doc. 334).

**IT IS HEREBY ORDERED** that oral argument on these motions is set for **March 14, 2012 at 4:00 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

**IT IS FURTHER ORDERED** that this Order serves to inform the parties as to which issues are to be the subject of oral argument.

The primary interest of the Court in having oral argument is to discuss particular elements of the *Graham* test and associated qualified immunity issues with regards to Count One and Count Two. Therefore, the parties should be prepared to discuss 1) any crime or crimes committed by David Hulstedt and the severity of those crimes, 2) the immediacy and

the nature of the threat posed by David Hulstedt to himself and/or others, 3) whether David Hulstedt was resisting arrest or attempting to escape, and if so, how.

The parties should also be prepared to discuss whether officers must consider the risk of harm using force presents to third parties under a *Graham* analysis, and if so, whether this principle was "clearly established" for the purposes of qualified immunity in November of 2008. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court asks the parties to be prepared to discuss the following cases: *Boyd v. Benton Cty.*, 374 F.3d 773 (9th Cir. 2004), *Haugen v. Brosseau*, 339 F.3d 857 (9th Cir. 2003) (overruled on qualified immunity grounds by *Brosseau v. Haugen*, 543 U.S. 194 (2004)), *Vaughan v. Cox*, 343 F.3d 1323 (11th Cir. 2003), *Dietzman v. City of Homer*, 2010 WL 4684043 (D. Alaska Nov. 17, 2010), and *Glenn v. Washington Cty.*, ___ F.3d ___, 2011 WL 6760348 (Dec. 27, 2011).

The treatment of David after he was shot appears also subject to an analysis under *Graham*. The parties should therefore be prepared to discuss the precise force used against David, the government's interest in using that force, and whether the interest justified the force used. Should either party claim that Officer Fellows and Officer Garcia were unaware of the fact that they were injuring David, they should be prepared to discuss "whether a reasonable officer would have or *should* have accurately perceived that fact." *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) (emphasis in original). On the question of qualified immunity for Count Two, the parties should be prepared to discuss whether *Burnett v. Bottoms*, 368 F. Supp. 2d 1033, 1041 (D. Ariz. 2005) clearly establishes any principle of law with regard to officers' duties when transporting prisoners.

Parties are free to discuss any other issues they see fit to address, including the motion for certification, but the Court notes that the time of the hearing is limited and the above issues are of principal concern to it. Each party will be given thirty (30) minutes to discuss the above questions.

DATED this 2nd day of March, 2012.

/s/ A. Murray Snow
_____
G. Murray Snow
United States District Judge